UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD CAMPANA,

         Plaintiff,

    v.                               16-CV-960
                                           DECISION & ORDER

ANDREW SAUL,
Commissioner of Social Security,

         Defendant.

_____

      The plaintiff, Richard Campana, is a prevailing party in this social security benefits action. His counsel's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) is now before this Court. Docket Item 16. The Commissioner does not oppose the motion. Docket Item 18. For the reasons that follow, this Court grants counsel's motion.

## **TIMELINESS**

      The Social Security Administration issued Campana a notice of award on November 27, 2019. Docket Item 18 at 6. Campana's attorney filed his request for fees 61 days later, on January 27, 2020. *Id.*

      Former Local Rule 5.5(g)(1) (in effect through December 31, 2019) required that § 406(b)(1)(A) motions be filed within 65 days of such notice. But on August 2, 2019, the Second Circuit held that § 406(b)(1)(A) motions must be filed within 14 days of such notice. *See Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). Effective January 1, 2020, Local Rule of Civil Procedure 5.5(g)(1) was changed to provide that the plaintiff's

"counsel may file a petition for attorney's fees under 42 U.S.C. § 406(b) in accordance with the time frame set forth in Fed. R. Civ. P. 54(d)(2)(B) and *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019)."  L. R. Civ. P. 5.5(g)(1).  The rule further states that "[u]nless otherwise established, the Court will assume that counsel representing the plaintiff in federal court received notice of the benefits calculation at the same time as the plaintiff."  *Id.*

As the Commissioner observes, Campana's counsel's filing "was late under *Sinkler* and the new Local Rule, but timely under the former Local Rule."  Docket Item 18 at 6.  In light of "these circumstances, [the Commissioner] defer[red] to the [C]ourt on the issue of the timeliness of this motion."  *Id.*

Under the circumstances presented here, this Court will excuse the delay.  *See Sinkler*, 932 F.3d at 89 ("[D]istrict courts are empowered to enlarge that filing period where circumstances warrant.").  As an initial matter, there does not appear to be prejudice to either party.  Indeed, the Commissioner does not oppose the plaintiff's motion.  Moreover, when Campana's counsel received the Notice of Award, the prior local rule was still in effect.  Under such circumstances, courts are empowered to forgive a delay.  *See id.* at 90 (explaining that "where, as here, the rule itself affords courts the discretion to alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate in a particular case").  In sum, because the former local rule was still in effect when Campana's "counsel received the [n]otice of [a]ward, and . . . there does not appear to be prejudice to either party," this Court will exercise its discretion to enlarge the 14-day filing period.  *See Dillon v. Saul*, 2020 WL 360966, at *3 (W.D.N.Y. Jan. 22, 2020).  Campana's counsel, however, is

now *"on notice that pursuant to the Second Circuit's decision in Sinkler, he must file his § 406(b) motions within Rule 54(d)'s 14-day deadline*, unless he can demonstrate a valid reason for an untimely filing, such as a delay in receiving the notice of award." *Id.* (emphasis in original).

## REASONABLENESS OF THE REQUESTED FEES

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Campana's counsel seeks $20,900 in fees, which is significantly less than 25% of the past-due benefits Campana was awarded and therefore well within the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  Docket Item 16-1 at 6, 9.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no

indication that this fee is a windfall.[1]  *Id.*  The $20,900 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on September 3, 2019, this Court previously awarded Campana's counsel $3,971 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 14 and 15.  Because the fees granted above exceed the EAJA fees, his counsel must refund the EAJA fees to him.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

## ORDER

In light of the above,

IT IS HEREBY ORDERED that Campana's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $20,900, Docket Item 16, is GRANTED; and it is further

---

[1]  While the fee here constitutes an hourly rate of $1,000, *see* Docket Item 16-1 at 8—very high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

ORDERED that counsel for Campana shall refund the $3,971 EAJA fees to Campana within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:      July 13, 2020
            Buffalo, New York


                                       /s/ Lawrence J. Vilardo
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE